```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ATLANTIC CLEAN ENERGY SUPPLY, LLC, | Civil Action No. 20-1199 |
| Plaintiff, | **OPINION** |
| v. | |
| SUNERGY CALIFORNIA, LLC, et al., | |
| Defendants. | |

**APPEARANCES:**

JEFFREY MORROW POLLOCK
MELANIE E. GETZ
A. WILLIAM HENKEL
FOX ROTHSCHILD LLP
PRINCETON PIKE CORP. CENTER
997 LENOX DRIVE
BUILDING 3
LAWRENCEVILLE, NJ 08648

    *On behalf of Plaintiff*

MICHAEL REDMOND YELLIN
COLE SCHOTZ PC
25 MAIN STREET
COURT PLAZA NORTH HACKENSACK, NJ 07601

    *On behalf of Defendant*
    *Sunergy California, LLC.*

**HILLMAN**, **District Judge**

This matter is before the Court on the motion of Defendant Sunergy California LLC ("Sunergy") improperly pleaded as "Sunergy California, LLC" to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and

1

12(b)(6). (ECF No. 10.) For the reasons stated below, Sunergy's Motion to Dismiss will be granted.

## BACKGROUND

Because Sunergy's motion to dismiss tests whether this Court may properly exercise personal jurisdiction over it, we take our recitation of the facts from Plaintiff's Second Amended Complaint (the "SAC") and supplemental evidence submitted by the parties as relevant to the question of whether this Court may properly exercise personal jurisdiction over Sunergy.[1]

Plaintiff is a New Jersey limited liability company with its office located in Moorestown, New Jersey. (SAC ¶1.) Plaintiff brought the instant action against Sunergy, China Sunergy (Nanjing) Electrical Technology Co., Ltd. ("CSUN ET"), China Sunergy (Nanjing) Co., Ltd. ("CSUN"), and China Sunergy (Nanjing) Power Science & Technology Co. Ltd. ("CSUN PST"). "Sunergy has one member, Sunergy America LLC, which in turn has

---

[1] Both parties raise arguments regarding whether certain allegations can be considered by this Court. First, Plaintiff argues this Court cannot consider Ms. Zhou's declaration because it is a sham affidavit. Second, Sunergy argues this Court cannot consider Mr. Pollock's declaration nor several allegations that are asserted for the first time in its Opposition that are not in the Plaintiff's Second Amended Complaint. This Court expressly does not rule on these issues because it is persuaded that even if this Court did not accept Ms. Zhou's declaration and considered all of Plaintiff's allegations, Plaintiff's argument still fails because it cannot satisfy any theory recognized under New Jersey law that supports a finding that Sunergy is subjected to jurisdiction in this Court.

three members: Virtua Deep Pte. Ltd., Seul Energy Manufacturing Private Limited, and Defendant CSUN." (SAC ¶4.) CSUN ET is "a corporation incorporated under the laws of China, with its principal place of business at No. 123, West Focheng Road, Jiangning, Nanjing, Jiangsu Province, China." (SAC ¶12.)

Plaintiff alleges this Court has personal jurisdiction over CSUN ET because CSUN ET consented to jurisdiction in New Jersey. (SAC ¶15.) Plaintiff contends "Tingxiu Lu, the CEO, Chairman, and Co-Founder of CSUN operates all of the Defendants" and "Defendants are mere shells that Lu uses to operate the same, single business out of." (SAC ¶43). Mr. Lu has described Sunergy's facility located in California as CSUN's "new state-of-the-art facility" and a key piece of its "strategy of expanding its market share in the U.S. market[.]" (See ECF. 14-1 "Ex. B. to Pollock Decl.") Moreover, Sunergy is included in CSUN's distribution network and Sunergy's CEO is the son of CSUN's CEO.

On June 22, 2020, Sunergy filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). This Court agrees it lacks jurisdiction over Sunergy and thus it will not address Sunergy's additional arguments regarding dismissal for failure to state a claim.

## SUBJECT MATTER JURISDICTION

**A. Subject Matter Jurisdiction**

This Court has original jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity between the parties.

**B. Standard for Motion to Dismiss for Lack of Personal Jurisdiction**

We begin with portion of Sunergy's motion to dismiss based on the lack of personal jurisdiction "[b]ecause the issue of whether this Court may exercise personal jurisdiction over [a defendant] is dispositive to the viability of the entire suit[.]" See Exporting Commodities Int'l, LLC v. S. Minerals Processing, LLC, No. 16-9080, 2017 WL 5513682, *3 (D.N.J. Nov. 17, 2017). Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of an action when the Court does not have personal jurisdiction over a defendant. "Once challenged, the plaintiff bears the burden of establishing personal jurisdiction." O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007) (citing Gen. Elec. Co. v. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001)). A Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." Patterson by Patterson v. F.B.I., 893 F.2d 595, 603-04 (3d Cir. 1990) (quoting Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61 n.9 (3d Cir.1984)) (quotations and other citations omitted). "Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing

jurisdictional facts through sworn affidavits or other competent evidence." Id. "[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction," and "[o]nce the motion is made, plaintiff must respond with actual proofs, not mere allegations." Id.

A defendant is subject to the jurisdiction of a United States district court if the defendant "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" FED. R. CIV. P. 4(k)(1)(A). "A federal court sitting in New Jersey has jurisdiction over parties to the extent provided under New Jersey state law." Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 96 (3d Cir. 2004)(citations omitted). The New Jersey long-arm statute "permits the exercise of personal jurisdiction to the fullest limits of due process." IMO Indus., Inc. v. Kiekert AG, 155 F.3d 254, 259 (3d Cir. 1998) (citing DeJames v. Magnificence Carriers, Inc., 654 F.2d 280, 284 (3d Cir. 1981)).

Under the Due Process clause, the exercise of personal jurisdiction over a non-resident defendant is appropriate when the defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting

5

Milliken v. Meyer, 311 U.S. 457, 463 (1940)).  A defendant establishes minimum contacts by "'purposefully avail[ing] itself of the privilege of conducting activities within the forum State,'" thereby invoking "'the benefits and protections of [the forum State's] laws.'"  Asahi Metal Indus. Co., Ltd. v. Sup. Ct. of California, 480 U.S. 102, 109 (1987) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).  This "purposeful availment" requirement assures that the defendant could reasonably anticipate being haled into court in the forum and is not haled into a forum as a result of "random," "fortuitous" or "attenuated" contacts with the forum state.  See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980); see also Burger King Corp., 471 U.S. at 472, 475 (internal citations omitted).

In deciding whether a defendant's contacts with a forum are sufficient to confer personal jurisdiction over that party, the Court must consider whether such contacts are related to or arise out of the cause of action at issue in the case.  The Court may exercise specific personal jurisdiction over a defendant where the cause of action is related to or arises out of activities by the defendant that took place within the forum state.  Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).  If the cause of action has no relationship to a defendant's contacts with a forum state, the

Court may nonetheless exercise general personal jurisdiction if the defendant has conducted "continuous and systematic" business activities in the forum state. Id. at 416.

Once the Court determines that the defendant has minimum contacts with the forum state, it must also consider whether the assertion of personal jurisdiction over the defendant "comport[s] with 'fair play and substantial justice'" to satisfy the due process test. Burger King Corp., 471 U.S. at 476 (quoting Int'l Shoe, 326 U.S. at 320). In this regard, it must be reasonable to require the defendant to litigate the suit in the forum state, and a court may consider the following factors to determine reasonableness: the burden on the defendant, the forum state's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining an efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies. Id. at 477 (citing World Wide Volkswagen, 444 U.S. at 292).

### C. Analysis

Plaintiff argues this Court has specific jurisdiction over Sunergy because (1) Sunergy is CSUN ET's Alter Ego; and (2) as CSUN ET's alter ego, Sunergy is bound by CSUN ET's jurisdictional waiver and thus, subject to this Court's

7

jurisdiction.[2] (See (ECF No. 14 ("Pl. Br.") at 12-19). More specifically, Plaintiff argues that Mr. Lu's, description of the "Sunergy facility [located in California] as 'CSUN'S 'new state-of-the art facility' and as a key piece of its 'strategy of expanding its market share in the U.S. market'" combined with Plaintiff's "allegation that all of the Defendants are 'mere shells' through which Mr. Lu operates the same single business is sufficient to establish Sunergy as the alter ego" of CSUN ET. In making this proposition, Plaintiff relies on case law that found "a subsidiary will be deemed to be the alter ego … of its parent if 'the parent so dominated the subsidiary that it had no separate existence but was merely a conduit for the parent." (Pl. Br. at 13-14). In response, Sunergy argues, Plaintiff cannot rely on the alter ego theory under the circumstances of this case for two main reasons: (1) Plaintiff concedes that CSUN ET is neither parent nor the subsidiary of Sunergy America, which is the parent company of Sunergy, and each of the cases Plaintiff relies on concerns the alter ego liability theory between a parent and its subsidiary; and (2) Plaintiff is actually attempting to assert jurisdiction under "the single

---

[2] This Court does not expressly decide the issue of whether a contractual wavier of personal jurisdiction is imputable to an alter ego because even accepting Plaintiff's argument, this Court finds dismissal is still warranted under the facts of this case.

8

business enterprise rule" which is not recognized in New Jersey. This Court agrees with Sunergy.[3]

Plaintiff does not allege that CSUN ET owns Sunergy. Instead, Plaintiff concedes that "Defendant Sunergy has one member, Sunergy America LLC, which in turn has three members: Virtue Deep Pte. LTD., Seul Energy Manufacturing Private Limited, and Defendant CSUN." (SAC at ¶4.)  Although Plaintiff asserts that it is relying on the "alter ego" theory of corporate veil-piercing, this Court agrees that it is actually relying on what is known as the "single business entity" doctrine. See Pl. Br. at 2, 6 ("Although the Contract is nominally between [Plaintiff] and CSUN ET, it was understood based on the discussions between ACES' and CSUN ET's representatives that the four companies named as Defendants here are in fact the same single business, all of which are merely shell companies dominated by Mr. Lu, CEO, Chairman, and Co-Founder of CSUN. ([SAC] at ¶¶41-43)"; and that "[Sunergy California] is one-and-the-same as [the Nanjing Defendants].").

Sunergy argues that Plaintiff's theory of personal jurisdiction must then fail because the New Jersey Appellate

---

[3] As discussed supra, this Court acknowledges the Third Circuit appears to have applied the single business enterprise rule to cases involving a parent and a wholly-owned subsidiary.  This still does not save Plaintiff though as it is undisputed CSUN ET is neither a parent of Sunergy nor its actual parent Sunergy America LLC.

9

Court has previously acknowledged "the single business enterprise or single entity rule has not been adopted in this state." Verni ex rel. Burstein v. Harry M. Stevens, Inc., 387 N.J. Super. 160, 198 (App. Div. 2006). Plaintiff makes no response at all to this argument or provides this Court with any case law to suggest that this Court should ignore the holding in Verni. Through its own independent research, this Court was unable to find case law that would suggest Plaintiff is able to survive dismissal through the application of the single entity theory.

Although this Court acknowledges the holding in Verni, this Court must also follow any direction, including binding case law, from the Third Circuit. The Third Circuit has held that "New Jersey courts have determined that a parent corporation's contacts with the forum state may justify exercise of personal jurisdiction over its (wholly-owned) non-resident subsidiary." Genesis Bio-Pharmaceuticals, Inc. v. Chiron Corp., 27 Fed. App'x 94, 98 (3d Cir. 2002). The relevant jurisdictional inquiry is "whether the [subsidiary] and the parent … so operate as single entity, or unified and cohesive economic unit, that when the parent is within venue of court, the [subsidiary] is also within court's jurisdiction; [this] 'single entity' test requires that a parent over which the court has jurisdiction so control and dominate a subsidiary as in effect to disregard the latter's

independent corporate existence." Id.

Although this case law seems to suggest the Third Circuit has held New Jersey has recognized the single-entity rule with respect to parents and wholly-owned subsidiaries, this Court finds that Genesis does not compel a resolution in Plaintiff's favor because it is undisputed that CSUN ET is neither the parent of Sunergy nor Sunergy's own parent, Sunergy America LLC, who actually has three different owners.  For this same reason, the Court does not agree that the potentially costly jurisdictional discovery is warranted.  Plaintiff has failed to provide this Court with a legitimate legal theory recognized by New Jersey law that suggests limited discovery will lead to a different result given the established case law involving parents and subsidiaries.  Accordingly, Sunergy's Motion to Dismiss will be granted and Plaintiff's request for jurisdictional discovery will be denied.

## CONCLUSION

For the reasons stated above, the Court will grant Sunergy's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2).

An appropriate Order accompanies this Opinion.


Date: January 8, 2021                    s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.